# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PAUL NEWTON, § | | |
|    Petitioner, § | | |
| § | | |
| V. § | A-11-CA-530 SS | |
| § | | |
| CLAUDE MAYE, WARDEN, § | | |
| FCI BASTROP, § | | |
|    Respondent § | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

     Before the Court is Petitioner Paul Newton's Petition for Writ of Habeas Corpus Brought Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

     Last year, Newton filed a similar § 2241 petition, A-10-CA-377 SS, which was dismissed for lack of jurisdiction. In the instant petition, Newton again asserts claims not cognizable in a § 2241 petition, and again his petition should be dismissed for lack of jurisdiction. Thus, it need not be served upon the Defendant.

     According to his Petition, Paul Newton was convicted of the charge of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) in the Southern District of Indiana on March 1, 2004. He previously filed a motion pursuant to 28 U.S.C. § 2255 in the Southern District of Indiana. Newton is currently incarcerated in Bastrop, Texas, located within the Western District of Texas.

In his instant § 2241 Petition, Newton makes several arguments that he is actually innocent of being labeled an armed career criminal. This is the same argument he made in his previous § 2241, and he has apparently made these arguments with such frequency under § 2255 in the 7th Circuit that it barred him from filing further motions on this basis in its jurisdiction. *See* Petition at 2–4.

Having reviewed the Petition, the undersigned concludes that Newton's claims, which allege errors occurring at or prior to sentencing, are not properly brought pursuant to 28 U.S.C. § 2241, but should be brought pursuant to 28 U.S.C. § 2255. A § 2241 petition on behalf of a sentenced prisoner must attack the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In contrast, a § 2255 motion is the proper means of attacking errors that occurred "at or prior to sentencing." *Id*. A § 2255 motion must be filed in the court that sentenced the defendant, which in this case is the Southern District of Indiana. *Id.* The Fifth Circuit has stated that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Id.* (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452.

Section 2255 "contains a 'savings clause,' which acts as a limited exception to this general rule." *Id.* The "savings clause" provision in 28 U.S.C. § 2255 states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

In *Reyes-Requena v. United States*, 243 F.3d 893, 901(5th Cir. 2001), the Fifth Circuit set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with the § 2255 savings clause. First, the petitioner's claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id*. at 904. Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Id*. The first prong "requires that a retroactively applicable Supreme Court decision establish that the petitioner is 'actually innocent.'" *Jeffers*, 253 F.3d at 830 (quoting *Reyes-Requena*, 243 F.3d at 903–04). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903. "'Actual innocence' for the purposes of our savings clause test could only be shown if [petitioner] could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers*, 253 F.3d at 831 (holding that petitioner could not rely upon savings clause because retroactive Supreme Court decision had no effect on whether the facts in petitioner's case would support his conviction for a substantive offense).

Newton has not identified any Supreme Court decision that applies to his case. He admits he was convicted of the offense of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). He does not allege that he was innocent of the Felon in Possession of a Firearm charge; rather, he asserts that he was improperly sentenced because his previous crimes were not violent. Because he cannot show that based on a retroactively applicable Supreme Court decision that he is

3

actually innocent, he has failed to demonstrate that his claims fall within the savings clause of § 2255.

If an individual who has filed a § 2241 petition fails to show § 2255 to be inadequate or ineffective, then the Court lacks jurisdiction to consider the § 2241 petition. *See Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir. 2003) (remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective). Further, this is the second time Newton has made the same non-cognizable argument in a § 2241 petition. Accordingly, the undersigned Magistrate Judge finds that this cause of action should be dismissed for lack of jurisdiction.

## RECOMMENDATION

The undersigned RECOMMENDS that the District Court DISMISS Petitioner Paul Newton's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1) for lack of jurisdiction. The undersigned FURTHER RECOMMENDS that the District Court include within its judgment a provision expressly and specifically WARNING Paul Newton that filing or pursuing any further federal lawsuits which raise duplicative claims will result in sanctions pursuant to FED. R. CIV. P. 11, and REQUIRING Newton to seek leave before filing a subsequent § 2241 petition. Finally, it is HEREBY ORDERED that this case be removed from the Magistrate's docket and returned to the District Court's docket.

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of August, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE